```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                        Norfolk Division
```

**CARLOS ABRAHAM MARTINELLY-MONTANO,**

    *Petitioner,*

v.                                      Civil Action No. 2:17cv367

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    *Respondent.*

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Carlos Martinelly-Montano, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 11, 2017 (EFC No. 1). On February 3, 2012, Prince William County Circuit Court convicted Martinelly-Montano of one count of felony murder and five other offenses following a fatal car accident resulting from his third DWI within five years. The court sentenced Martinelly-Montano to six concurrent sentences totaling twenty years of active incarceration. Martinelly-Montano's federal habeas corpus petition asserts seven claims related to the alleged ineffective assistance of his trial counsel. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure

1

for a Report and Recommendation. Because Martinelly-Montano's federal petition is time-barred and Martinelly-Montano has not stated any basis to toll the limitations period or excuse his untimely filing, the undersigned recommends that the Court dismiss the petition.

I. **STATEMENT OF THE CASE**

The Prince William County Circuit Court convicted Martinelly-Montano of one count of felony murder, two counts of maiming resulting from driving while intoxicated, driving on a suspended or revoked license, a third DWI within five years, and involuntary manslaughter. The court sentenced him to forty years of incarceration, with various sentences to be served concurrently, resulting in twenty years of active incarceration. Martinelly-Montano appealed his conviction to the Court of Appeals of Virginia, which affirmed the Circuit Court's decision on March 26, 2013. The Supreme Court of Virginia refused to hear Martinelly-Montano's appeal of the Court of Appeals' decision on April 18, 2014, and refused his petition for a rehearing on June 13, 2014. Martinelly-Montano then filed a petition for a writ of certiorari with the Supreme Court of the United States, which was denied on January 12, 2015. Martinelly-Montano v. Virginia, 135 S. Ct. 987 (Jan. 12, 2015) (Mem.)

2

After exhausting his state and federal appeals, Martinelly-Montano filed a state habeas petition with the Prince William County Circuit Court. While the record is unclear on the exact date Martinelly-Montano submitted his state habeas petition,[1] the Prince William County Circuit Court expressly denied it as untimely in a final order dated August 10, 2016. <u>Martinelly Montano v. Virginia</u>, No. CL15-4946 (Va. Cir. Ct. Aug. 10, 2016) (pp. 59-61 of ECF No. 1). On October 13, 2016, Martinelly-Montano filed a habeas appeal in the Supreme Court of Virginia, which the court denied in part and procedurally dismissed in part on March 18, 2015. <u>Martinelly v. Clarke</u>, No. 161476 (Va. May 18, 2017) (p. 58 of ECF No. 1).

On March 13, 2017, Martinelly-Montano filed his current federal Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. His federal petition raises seven claims for relief all related to the alleged ineffective assistance of counsel. Specifically, Martinelly-Montano claims his trial counsel was ineffective by failing to

    A. suppress statements Martinelly-Montano made to police while in the hospital;

    B. move for a change of venue;

---

[1] The order denying the petition incorporates the July 10, 2015, date when the Prince William County Circuit Court filed that petition. While the court acknowledged that Martinelly-Montano's signature on the petition was dated June 22, 2015, the difference did not change the petition's ultimate status as untimely. Pet. at 60, note 1 and accompanying text (EFC No. 1).

3

C. use an accident report prepared for trial;

D. require the Commonwealth of Virginia to uphold a "verbal plea offer";

E. utilize Martinelly-Montano's mental health history to rebut *mens rea* and malice requirements;

F. advise against Martinelly-Montano pleading guilty to the DWI charge with the knowledge the Commonwealth of Virginia would seek felony murder charges; and

G. attack the conviction due to insufficient evidence.

Pet. at 22-23 (ECF No. 1).

Respondent filed a Rule 5 Answer and Motion to Dismiss (ECF No. 11) and an accompanying Brief in Support of Motion to Dismiss (ECF No. 13). Respondent argues that Martinelly-Montano's petition is untimely and no tolling exception applies. Mot. Dismiss at 2-3 (ECF No. 13). Martinelly-Montano disputes the timeline presented by Respondent and seeks equitable tolling. Resp. Mot. Dismiss (ECF No. 15). As set forth in detail below, this report concludes Martinelly-Montano's federal petition is time-barred and his pleadings do not allege any basis to overcome the time bar to obtain federal habeas review of his conviction.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Martinelly-Montano's Habeas Petition is Time-Barred.

Martinelly-Montano's federal habeas corpus petition is time-barred. In order for a federal court to review a state court ruling, petitioners must file a habeas petition within the one-year statute of limitation period. 28 U.S.C. § 2244(d)(1) (2012). Under § 2244, the one-year limitation period may begin on (A) the date the judgment becomes final by conclusion of direct review, (B) the date an impediment created by State action in violation of the Constitution or federal law is removed, (C) the date a constitutional right is initially recognized by the Supreme Court, or (D) the date the factual predicate of the claim(s) could have been discovered with due diligence. § 2244(d)(1). Because Martinelly-Montano does not present any evidence to implicate § 2244(d)(1)(B)-(D), only the first of the four starting periods listed by the statute applies to his petition: "the date on which the judgment became final by the conclusion of direct review." § 2244(d)(1)(A).

After the Circuit Court of Prince William County convicted Martinelly-Montano on February 8, 2012, Martinelly-Montano filed appeals with the Court of Appeals of Virginia, the Supreme Court of Virginia, and the United States Supreme Court which denied certiorari on January 12, 2015. This concluded the direct review of Martinelly-Montano's conviction and the one-year

5

limitation period for Martinelly-Montano's federal habeas petition began January 12, 2015.

Normally, only a "properly filed application for State post-conviction . . . review with respect to the pertinent judgment or claim is pending" tolls the one-year limitation period. § 2244(d)(2). If a state court expressly denies post-conviction relief due to untimeliness, then the petition is not properly filed. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

On June 22, 2015, Martinelly-Montano signed the habeas petition he submitted to the Prince William County Circuit Court, which the court filed on July 10, 2015. In Virginia, habeas petitioners must file "within one year from . . . final disposition of the direct appeal in state court." Va. Code Ann. § 8.01-654(A)(2) (West 2017). Thus, Martinelly-Montano could only properly file a state habeas corpus petition before June 13, 2015 - one year after the Supreme Court of Virginia denied his request for a rehearing appealing his conviction. Because Martinelly-Montano did not sign or file his state habeas petition before June 13, 2015, the Prince William County Circuit Court denied and dismissed it as "time-barred" on August 10, 2016. Martinelly Montano v. Virginia, No. CL15-4946 (pp. 59-61 of ECF No. 1). The Supreme Court of Virginia dismissed Martinelly-Montano's subsequent appeal on May 18, 2017, due to

6

insufficient pleadings.  Martinelly v. Clarke, No. 161476 (p. 58 of ECF No. 1).²

insufficient pleadings. Martinelly v. Clarke, No. 161476 (p. 58 of ECF No. 1).²

Accordingly, Martinelly-Montano improperly filed his state petition for post-conviction relief. The limitation period for Martinelly-Montano's federal habeas petition never tolled, and his time to file a federal habeas petition expired on January 13, 2016, one year after the United States Supreme Court denied his petition for certiorari. Martinelly-Montano filed his federal habeas petition on July 11, 2017, nearly eighteen months after his limitation period expired. Thus, his federal petition is time-barred and this court cannot hear his habeas petition unless Martinelly-Montano provides evidence that warrants equitable tolling, Holland v. Florida, 560 U.S. 631, 645 (2010), or new evidence of actual innocence, McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

**B. Martinelly-Montano Presented Insufficient Evidence to Warrant Equitable Tolling.**

For equitable tolling to extend the one-year limitation period, Martinelly-Montano must show both that (1) he pursued his rights diligently and (2) some extraordinary circumstance

---

² When a state appeals court summarily denies an appeal, federal courts presume the judgement rests on the last reasoned decision by a lower court. See Johnson v. Williams, 568 U.S. 289, 297 n. 1 (2013) ("Consistent with our decision in Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991), the Ninth Circuit 'look[ed] through' the California Supreme Court's summary denial of Williams' petition."). Because the Supreme Court of Virginia summarily dismissed and denied Martinelly-Montano's appeal, federal courts presume the reasoned judgment of the Prince William County Circuit Court's decision guides review.

stood in the way of a timely filing. Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). Martinelly-Montano asserts "the above facts" and alleges that "he was prevented from accessing the law library to prepare his petition" as extraordinary circumstances justifying equitable tolling. Resp. Mot. Dismiss at 2 (ECF No. 15).

First, the phrase "the above facts" is ambiguous because Martinelly-Montano does not provide any facts prior to the assertion. Resp. Mot. Dismiss at 1-2 (ECF No. 15). Presumably, Martinelly-Montano is referencing the timeline of his post-conviction review. But a review of the timeline shows Martinelly-Montano's time to file a federal habeas petition expired on January 13, 2016.

Second, simply restricting or limiting access to the law library is not an extraordinary circumstance sufficient to warrant equitable tolling. See Eastwood v. Clarke, No. 2:10CV512, 2011 WL 13192910 (E.D. Va. Apr. 27, 2011) (citing Lewis v. Casey, 518 U.S. 343 (1996)). Martinelly-Montano is a pro se plaintiff and perhaps unfamiliar with the law, but his pro se status alone is not a basis for equitable tolling. See Johnson v. United States, 544 U.S. 295, 311 (2005). Because Martinelly-Montano has failed to show any extraordinary circumstances prevented him from timely filing for federal habeas relief, equitable tolling is unavailable.

8

C. **Martinelly-Montano Presented No Evidence of Actual Innocence.**

To overcome a time-bar on a claim of actual innocence, a petitioner must produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt to overcome a time-bar restriction. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)). Martinelly-Montano has not presented any new evidence in his federal habeas petition, and so has not plausibly alleged a basis for excusing his untimely filing.

### III. RECOMMENDATION

Martinelly-Montano's claims are time-barred and he has not presented evidence sufficient to overcome this bar to federal review. Therefore, the undersigned recommends that Respondent's Motion to Dismiss (EFC No. 11) be GRANTED and Martinelly-Montano's Petition Under 28 U.S.C. § 2254 for for Writ of Habeas Corpus by a Person in State Custody (EFC No. 1) be DENIED.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days form the date of

9

mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The Parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the petitioner and to provide an electronic copy to counsel of record for the respondent.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 8, 2018

## **Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

Carlos Abraham Martinelly-Montano
#1452008
Lawrenceville Correctional Center
1607 Planters RD
Lawrenceville, VA 23868

A copy of the foregoing was provided electronically this date to:

Donald Eldridge Jeffrey , III
Office of the Attorney General
202 North Ninth Street
Richmond, VA  23219

Fernando Galindo, Clerk

By _____
     Deputy Clerk

_February 8_, 2018